# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ryan P.,**
**Respondent Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-1060** (Wayne County 12-A-003)

**Vicky P. and Elias P.,**
**Petitioners Below, Respondents**

## MEMORANDUM DECISION

Petitioner Ryan P.'s appeal, filed by counsel J. Patrick L. Stephens, arises from the Circuit Court of Wayne County, wherein it granted respondents' petition for a name change and the adoption of the subject child by order entered on July 26, 2012. Respondents Vicky P. and Elias P., by counsel Alison R. Gerlach, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is the child's natural father and respondents are the biological mother and stepfather of the child. In January of 2012, respondents filed a petition for Elias P. to adopt the child and change the child's last name. To institute this adoption and name change, respondents alleged abandonment, asserting that petitioner failed to provide proper parenting and only rarely provided child support. In July of 2012, the circuit court granted respondents' petition. In doing so, it found that the presumptions of abandonment contained in West Virginia Code § 48-22-306 did not apply because petitioner has provided financial support to the child. However, it also found that Elias P. is of good moral character, fit to adopt the child, has provided financial and emotional support to the child, and has the financial ability to support and educate the child, whereas petitioner failed to communicate with the child and failed to appear at the final hearing. Petitioner failed to exercise his visitation rights, and at the time the petition was filed, he had not seen the child since July of 2011. Further, the circuit court found that petitioner failed to inquire into the well-being of the child and failed to communicate with the child in any manner. The circuit court concluded that petitioner abandoned his parental rights to the child and that it would be in the child's best interests to grant respondents' request for adoption. From this order, petitioner appeals.

1

We bear in mind the following:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*In re Jenna A.J.*, --- S.E.2d --- 2013 WL 2302047 (quoting Syl. Pt. 2, *Walker v. W.Va. Ethics Comm.*, 201 W.Va. 108, 492 S.E.2d 167 (1997)).

Petitioner argues that the circuit court erred by ruling that the statutory presumptions contained in West Virginia Code § 48-22-306 do not apply and by finding that petitioner had abandoned the child. Petitioner argues that the circuit court's inquiry of abandonment should have ended once it found that petitioner had provided the child financial support. Petitioner asserts that this finding alone was enough to resist the presumption of abandonment. However, petitioner reads our precedents too broadly. The circuit court made other findings sufficient to establish that petitioner had abandoned his parental rights to the child.

Upon our review of the record and the circuit court's order, we find no abuse of discretion. The circuit court made findings that supported the name change and adoption to promote the best interests of the child. Its conclusion was not inconsistent with abandonment as it is defined in West Virginia Code § 48-22-102.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis